UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARDYCE R. CATHEY,<br><br>                    Plaintiff,<br><br>    v.<br><br>BERNADINE A. WILSON, Guardian<br>of the Person for Phillip Cathey, an<br>incapacitated person,<br><br>                    Defendant. | NO:  2:14-CV-0045-TOR<br><br>ORDER REMANDING CASE |

The Court here *sua sponte* considers its subject matter jurisdiction and finding that it is lacking, remands the case to Spokane County Superior Court.

DISCUSSION

This case involves a *pro se* party, Ardyce Cathey, and filings the intent of which is not entirely clear.[1] The Court must first determine whether this matter

---

[1] On February 10, 2014, Ardyce Cathey filed an application to proceed *in forma pauperis*, ECF No. 1, which was granted, ECF No. 3. However, less than a month

ORDER REMANDING CASE ~ 1

constitutes a case originally filed with the Court in which Ms. Cathey is a plaintiff, or whether Ms. Cathey is a defendant in a case which she properly removed from state court. On February 10, 2014, Ms. Cathey filed a form titled "Complaint" stating, in addition to the form language, that "Plaintiff alleges: No estate, but Guardian and her Attorney are moving the court for an order directing payment of Guardians Attorney fees. The only money my son receives is Federal Funds." ECF No. 2 at 1. Ms. Cathey's name is listed next to "Plaintiff." *Id*. On the attached Civil Cover Sheet, Ms. Cathey again listed herself as plaintiff. *Id*. at 2. She checked the "Federal Question" box as the basis of jurisdiction. *Id*. at 2. Under "Nature of Suit," Ms. Cathey checked the "Amer. w/Disabilities-Other" box. *Id*.  And under "Origin," she checked the "Removed from State Court" box. Under Cause of Action, she cited the statute under which she was filing as "42 U.S.C. 407," and described her cause again as "No Estate, but Guardian and her Attorney are moving the court for an order directing payment of Guardians Attorney fees by my son Philip V. L. Cathey." *Id*. Ms. Cathey also submitted documents from Spokane County Superior Court. ECF No. 4. Though Ms. Cathey listed herself as plaintiff and submitted a complaint, her reference to the case in Spokane County Superior

---

later, Ms. Cathey paid the filing fee. Thus, she is no longer proceeding *in forma pauperis*, and the Court did not perform its standard *in forma  pauperis* screening.

ORDER REMANDING CASE ~ 2

Court and submission of state court documents associated with that case indicates that this case should be treated as a removal. Ms. Cathey's statements as to the nature of the case bolster this conclusion, as they refer to the state court case and offer no grounds for an independent cause of action in this Court.

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (limits on federal jurisdiction "must be neither disregarded nor evaded"); *see also United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002) ("a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction"). Thus, it is presumed that a federal court lacks jurisdiction" unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A court may consider subject matter jurisdiction *sua sponte*. *United Investors Life Ins. Co. v. Waddell & Reed Inc*., 360 F.3d 960, 967 (9th Cir. 2004) (the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the Supreme Court explained:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded

ORDER REMANDING CASE ~ 3

complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted).

Although the file does not contain the complaint from the state court, the nature of the case does not implicate a federal question.  In the document titled "Notice of Removal," Ms. Cathey asserts that "[t]he Guardian Bernadine A. Wilson is petitioning the Spokane County Superior Court to have her legal fees paid, from my son's Federal Funds and is asking The court to have me removed as Guardian of the estate." ECF No. 5 at 3. She states that "[g]arnishment of these funds violates Section 207 of the Social Security Act (42 U.S.C. 407)." *Id*.  But this assertion indicates that Ms. Cathey invokes the Social Security Act in defense to the petition for fees; defenses cannot form the basis for federal question jurisdiction. None of the documentation Ms. Cathey submitted provide grounds for federal question jurisdiction. And, as evidenced by the Civil Cover Sheet, the parties are both citizens of this state, ECF No. 2 at 2, so the Court does not have diversity jurisdiction over the matter. Accordingly, the Court finds that it does not have subject matter jurisdiction over the removed case. Thus, under 28 U.S.C. § 1447(c), the matter must be remanded to the state court.

///

///

ORDER REMANDING CASE ~ 4

1  **ACCORDINGLY, IT IS HEREBY ORDERED:**

2      This case is hereby **REMANDED** to the Spokane County Superior Court for

3  all further proceedings.

4      The District Court Executive is hereby directed to enter this Order, furnish

5  copies to counsel and Ardyce Cathey at her address of record, mail a certified copy

6  to the Spokane County Superior Court, and **CLOSE** the file.

7      **DATED** May 30, 2014.

8  

9              THOMAS O. RICE
          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

ORDER REMANDING CASE ~ 5